CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

January 15, 2026

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONTE GERMAR WHITE,<br>    Plaintiff,<br><br>v.<br><br>GREGORY HOLLOWAY, et al.,<br>    Defendants. | Case No. 7:24-cv-00770<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Plaintiff Donte Germar White, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. White claims that correctional officers at Keen Mountain Correctional Center used excessive force against him and conducted an improper strip search, in violation of his Fourth and Eighth Amendment rights. The case is presently before the court on a motion to dismiss filed by two supervisory officials named as defendants: Gregory Holloway and Israel Hamilton. ECF No. 29. For the reasons set forth below, the motion is **GRANTED**.

### I.   Background

According to the complaint, the events giving rise to this action occurred on April 27, 2024, after White confronted a correctional officer who had attempted to assault another inmate. Compl., ECF No. 1, at 5–6. White alleges that he was sprayed in the face with oleoresin capsicum (OC) spray, physically attacked, and bitten by a canine until he was restrained. Id. at 6–7. Correctional officers then purportedly lifted him by the restraints, dropped him on the floor, rammed his head into a wall, and continued to physically assault him as they escorted him out of the building. Id. at 7–8. For instance, one of the officers allegedly smacked White for not responding to a question and then began to choke him. Id. at 8. When a canine handler

asked where he had been bitten, White lied and said that the dog had bitten his penis. Id. White was then taken to the medical unit, where officers tried to pull down his pants while others held him down. Id. He was subsequently transported to a hospital for additional medical treatment. Id. at 11.

White filed this civil action under § 1983 against Holloway, Hamilton, and multiple correctional officers. White alleges that Holloway is a regional supervisor for the Western Region of the Virginia Department of Corrections and that Hamilton is the warden at Keen Mountain. Id. at 4. Holloway is "sued in his official capacities," and Hamilton is "sued in his official capacities and individual capacity." Id.

Holloway and Hamilton have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).* ECF No. 29. White has responded to the motion, ECF No. 39, and the motion is ripe for review.

## II.   Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions or a formulaic recitation of the elements

---

\* Other defendants have filed an answer to the complaint.

2

of a cause of action will not do." Id. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks omitted).

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

### III. Discussion

White filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

#### A. Official-Capacity Claims Against Holloway and Hamilton

White seeks to hold Holloway and Hamilton liable in their official capacities. A suit against a state official in his official capacity is "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). It is well settled that the Eleventh Amendment "bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." Lawson v. Gault, 828 F.3d 239, 278 (4th Cir. 2016) (citing Will, 491 U.S. at

3

71). Additionally, whereas § 1983 "permits suit against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." Fauconier v. Clarke, 966 F.3d 265, 279-80 (4th Cir. 2020).

In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity that allows individuals to seek prospective equitable relief against state officials to prevent ongoing violations of federal law. Biggs v. N.C. Dep't of Pub. Safety, 953 F.3d 236, 242 (4th Cir. 2020). To fall within this exception, a plaintiff must allege "an ongoing violation of federal law" and seek relief that is "properly characterized as prospective." Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation marks omitted). Although White styles his complaint as a "verified complaint for damages and injunctive relief," Compl. at 3, he does not allege an ongoing violation of federal law or request any form of prospective relief. See id. at 13 (seeking monetary relief for "the punishment inflicted" and "the physical and emotional injuries sustained"). Consequently, his claims against Holloway and Hamilton in their official capacities must be dismissed.

### B. Individual-Capacity Claims Against Hamilton

White also filed suit against Hamilton in his individual capacity. In order to state a claim against a defendant in his individual or personal capacity, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and alterations omitted). "Liability is thus determined person by person: A plaintiff must show

4

'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 676).

White does not allege that Hamilton was personally involved in any of the events that occurred on April 27, 2024. Hamilton is mentioned solely in the paragraph that lists his job title and the capacities in which he is being sued. Thus, White appears to premise his claims against Hamilton solely on his supervisory role at the time of the events giving rise to this action.

It is well established that the doctrine of respondeat superior or vicarious liability is "inapplicable . . . to § 1983 suits." Iqbal, 556 U.S. at 676. Government officials "may be liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms." Timpson v. Anderson Cnty. Disabilities & Special Needs Bd., 31 F.4th 238, 257 (4th Cir. 2022). To establish supervisory liability under § 1983, a plaintiff must satisfy three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)); see also Johnson v. Robinette, 105 F.4th 99, 123 (4th Cir. 2024).

White's complaint falls far short of satisfying these elements. There are no factual allegations from which the court could reasonably infer that Hamilton knew or should have

5

known that any of his subordinates was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to White or any other inmate. See Timpson, 31 F.4th at 257–58 ("Establishing a 'pervasive and unreasonable' risk of harm under the first element 'requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury.'") (quoting Shaw, 13 F.3d at 799). Likewise, White does not plausibly allege that Hamilton tacitly authorized the actions of which he complains or acted with deliberate indifference to a pervasive risk of harm. See id. ("To prove 'deliberate indifference' under the second element, the plaintiff typically must show a supervisor's 'continued inaction in the face of documented widespread abuses.'") (quoting Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984)). The mere fact that Hamilton is the warden at Keen Mountain is insufficient to establish supervisory liability under § 1983. Consequently, the complaint fails to state a claim against Hamilton in his individual capacity.

## IV. Conclusion

For the reasons stated, the motion to dismiss filed by Holloway and Hamilton, ECF No. 29, is **GRANTED**, and the claims against these defendants will be dismissed without prejudice. An appropriate order will be entered.

Entered: January 14, 2026

Michael F. Urbanski
U.S. District Judge
2026.01.14 17:21:57
-05'00'

Michael F. Urbanski
Senior United States District Judge

6